T.C. Summary Opinion 2004-17


UNITED STATES TAX COURT


DONALD RICHARD LOWE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 19506-02S.              Filed February 12, 2004.


Donald Richard Lowe, pro se.

<u>Dustin M. Starbuck</u>, for respondent.


CARLUZZO, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year 2000.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency of $975 in petitioner's 2000 Federal income tax. The issue for decision is whether petitioner is entitled to deduct as alimony certain payments made during the year in issue to his former spouse.

## Background

Some of the facts have been stipulated and are so found. At the time the petition was filed, petitioner resided in Lynchburg, Virginia.

On July 19, 1968, petitioner married Nancy Martin Lowe (Ms. Lowe). They have one child, Michael Dodd Lowe (Michael), born January 27, 1976. Michael is mentally and physically challenged.

By Final Decree of Divorce dated July 25, 1995 (the divorce decree), the Circuit Court for the County of Campbell, Virginia, dissolved the marriage between petitioner and Ms. Lowe. The divorce decree incorporated by reference the terms of an Agreement entered into by petitioner and Ms. Lowe, dated January 27, 1995 (the agreement). Relevant for our purposes, the agreement contains the following provision:

### 6. SPOUSAL SUPPORT

Upon the execution of this Agreement, Husband agrees to pay Wife $125.00 per week in spousal support, due and payable on Sunday of each week. Said payments shall continue as long as the Wife continues to care for the mentally retarded son of the parties, namely, Michael Dodd Lowe.

The agreement does not contain a child support provision for Michael. The agreement further states that petitioner and Ms. Lowe would each have joint custody of Michael, with primary physical custody to Ms. Lowe.

During the 2000 taxable year, Michael was in the physical custody of Ms. Lowe, and in accordance with the agreement, petitioner made payments totaling $6,500 to her (the payments).

On his timely filed 2000 Federal income tax return, petitioner claimed an alimony deduction for the payments. In the notice of deficiency, respondent disallowed the alimony deduction upon the ground that the payments represent nondeductible child support.

Discussion[1]

Section 215(a) allows an individual a deduction for alimony paid during the taxable year. In general, a payment constitutes alimony within the meaning of section 215 if the payment is made in cash and meets the following four criteria: (1) Such payment is received by (or on behalf of) a spouse under a divorce or separation instrument, (2) the divorce or separation instrument does not designate such payment as a payment which is not includable in gross income under this section and not allowable as a deduction under section 215, (3) in the case of an

---

[1] Because there are no disputes with respect to any factual issues in this case, we need not consider the application of sec. 7491(a). Higbee v. Commissioner, 116 T.C. 438 (2001).

individual legally separated from his spouse under a decree of divorce or of separate maintenance, the payee spouse and the payor spouse are not members of the same household at the time such payment is made, and (4) there is no liability to make any such payment for any period after the death of the payee spouse and there is no liability to make any payment (in cash or property) as a substitute for such payments after the death of the payee spouse.  Secs. 71(b), 215(b).

For Federal income tax purposes, however, alimony does not include any part of a payment that the terms of the divorce instrument fix as a sum payable for the support of the children of the payor spouse.  Sec. 71(c)(1).  Thus, child support payments are neither includable in income under section 71 nor deductible under section 215.  Relevant for our purposes, an amount is treated as fixed under section 71(c)(1) and thus treated as child support if it will be reduced "on the happening of a contingency specified in the instrument relating to a child (such as attaining a specified age, marrying, dying, leaving school, or a similar contingency)". Sec. 71(c)(2)(A).  Temporary regulations promulgated under section 71 make clear that for purposes of section 71(c), "a contingency relates to a child of the payor if it depends on <u>any event</u> relating to that child, regardless of whether such event is certain or likely to occur."

Sec. 1.71-1T(c), Q&A-17, Temporary Income Tax Regs., 49 Fed. Reg. 34451, 34456 (Aug. 31, 1984) (emphasis added).

According to respondent, the payments are child support, and, therefore, petitioner is not entitled to an alimony deduction for making the payments.

Petitioner points out that the payments fit within the definition of alimony as set forth in section 71(b)(1): (1) The payments were made pursuant to a divorce decree; (2) the divorce decree did not designate the payments as ones that are excluded from treatment as alimony under section 71 and section 215; (3) petitioner and Ms. Lowe were legally separated and not members of the same household during the year 2000; and (4) petitioner was not obligated to make the payments after Ms. Lowe's death.

Petitioner's position, however, fails to take into account the provision in the agreement that provides that the payments are subject to termination in the event that Ms. Lowe does not continue to care for Michael. This contingency is clearly related to petitioner's son Michael. Therefore, for Federal income tax purposes, the payments are considered child support and not alimony. Respondent's disallowance of petitioner's alimony deduction is, therefore, sustained.

Reviewed and adopted as the report of the Small Tax Division.

To reflect the foregoing,

<u>Decision will be</u>

<u>entered for respondent</u>.
